IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL K. MATTOX,**

        **Plaintiff,**

    **v.**                  **CASE NO. 09-3196-SAC**

**CSI J.R. McLEMORE,**

        **Defendant.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Plaintiff has not paid the filing fee of $350.00, but has filed a motion for leave to proceed without prepayment of fees (Doc. 1) instead. Section 1915(g) of 28 U.S.C., otherwise known as "the three strikes provision", provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. This provision does not bar a prisoner with three strikes from filing civil actions. It "merely prohibits him from enjoying" the privilege of proceeding in forma pauperis, unless imminent danger is demonstrated, and requires him to prepay the filing fee in full rather than over time through in installments. White v. State of Colo., 157 F.3d 1226, 1233 (10th Cir. 1998).

Mr. Mattox has filed at least three prisoner actions in a court of the United States, each of which were found to be frivolous, malicious, or failed to state upon which relief could be granted.

His cases identified as "prior occasions" are: (1) <u>Mattox v. Werholtz, et al.</u>, D.Ct. No. 07-3322 (D.Kan., Mar. 21,2008)(dismissed for failure to state sufficient facts to support a federal constitutional claim); (2) <u>Mattox v. Werholtz, et al.</u>, D.Ct. No. 07-3321 (D.Kan., Mar. 21, 2008)(same); (3) <u>Mattox v. Werholtz, et al.</u>, D.Ct. No. 07-3320 (D.Kan., Mar. 21, 2008)(same); <u>Mattox v. Werholtz, et al.</u>, D.Ct. No. 07-3319 (D.Kan. Mar.21, 2008)(same)[1].

The court finds Mr. Mattox accumulated at least three "prior occasions" pursuant to 28 U.S.C. § 1915(g) before he filed the instant complaint.  He is therefore required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury."  28 U.S.C. 1915(g); see <u>Jennings v. Natrona County Detention Center</u>, 175 F.3d 775, 778 (10th Cir. 1999).  None of the facts alleged by plaintiff in the instant complaint suggests he is in imminent danger of serious physical injury.  Accordingly, Mr. Mattox may proceed in this action only if he pays the filing fee of $350.00 for filing a civil complaint.

**IT IS THEREFORE ORDERED** that plaintiff is hereby designated as a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is denied and he is granted thirty (30) days in which to submit the $350.00 filing fee or show cause why 28 U.S.C. § 1915(g) does not apply to these proceedings. Any objection to this order must be filed on or before the date

---

[1] The court notes that Mr. Mattox was granted leave to proceed in forma pauperis in each of these closed cases, and was assessed an initial partial filing fee in one.  However, court records do not reflect that he has submitted any payments in his prior cases.

payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

The clerk is directed to transmit a copy of this Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2009, at Topeka, Kansas.

s/Sam A. Crow<br>
U. S. Senior District Judge